Matthew G. Gunn, ISB #8763
matt@lawmgg.com
LAW OFFICES OF MATTHEW G. GUNN
2710 Sunrise Rim Road, Suite 100
Boise, ID 83705
Telephone: (208) 472-8834

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RYAN COOPER, an individual; | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| -vs- | ) | **JURY TRIAL** |
| | ) | |
| BRAD HALL & ASSOCIATES, | ) | |
| INCORPORATED, an Idaho corporation; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW RYAN COOPER, the above-named Plaintiff, and for cause of action against Defendant, complains and alleges as follows:

**PARTIES**

1.      Plaintiff Ryan Cooper at all times relevant to the allegations herein, was a resident of Peoria, Arizona.

2.      At all times relevant to the allegations herein, Defendant Brad Hall & Associates, Inc. ("Hall") was an Idaho corporation located in Bonneville County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

**JURISDICTION AND VENUE**

3.      Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 as this case presents as a claim and question brought under federal law.

4.      Venue is appropriate in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

5.      Mr. Cooper was employed by Hall as a commissioned sales representative from January 2017 to February 19, 2026. Mr. Cooper earned wages based on sales he made for Hall.

6.      The Sales Representative Agreement ("SRA") between Mr. Cooper and Hall permitted Hall to deduct chargebacks from Mr. Cooper's earned wage commissions, but only on four specifically defined bases: (1) to set forth cash discounts, (2) to make allowances and adjustments, (3) to accept returns from its customers, and (4) to write off as bad debts overdue customer accounts as it deems advisable.

7.      For 2025, Hall deducted from Mr. Cooper's earned wage commissions $199,459.20 in chargebacks. Mr. Cooper agrees $37,101.55 in chargebacks as being permitted by the SRA. The remaining $162,357.65 in chargebacks against Mr. Cooper's earned wage commissions, however, are not permitted by the SRA as they do not fall into one of the four enumerated, permissible chargeback categories:

8.      Hall promised Mr. Cooper it would pay him all 2026 commission wages earned through February 19, 2026, Mr. Cooper's last day of employment. Hall has not paid these amounts.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

Based on his knowledge of such sales, Mr. Cooper estimates he is owed approximately $20,000.00 in unpaid 2026 earned wage commissions.

9.      Hall promised Mr. Cooper it would pay him $65,279.10 in commission wages based on a specific client, Bartco, re-signing with Hall. Bartco re-signed with Hall, and but Hall refused to pay Mr. Cooper $65,279.10 in earned commission wages.

10.     Hall promised its sales representatives, including Mr. Cooper, that signing bonuses would be paid in 2026. Mr. Cooper is still owed $15,500.00 in unpaid signing bonuses: Bartco ($1,500.00); Tucson Truck Terminal diesel ($5,000.00); Tucson Truck Terminal gas ($5,000.00); Arshiv Neighborhood stores ($2,500.00); and Cave Creek Shell ($1,500.00).

11.     In sum, Hall owes Mr. Cooper $263,136.75 in unpaid, earned wages.

## COUNT ONE

### *Violation of the Idaho Wage Claim Act*

12.     Mr. Cooper realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 11 above as if set out in full.

13.     At all times mentioned herein, Hall was an employer within the meaning of the Idaho Wage Claim Act, Idaho Code § 45-601 *et. seq*.

14.     At all times mentioned herein, Mr. Cooper was an employee of Hall within the meaning of the Idaho Wage Claim Act, Idaho Code § 45-601 *et. seq*.

15.     Mr. Cooper's earned, due, owing, and unpaid commissions and signing bonuses constitute wages within the meaning of the Idaho Wage Claim Act, Idaho Code § 45-601 *et. seq*.

16.     Hall's failure to pay Mr. Cooper his earned wages when the same became due and owing constitutes a violation of the Idaho Wage Claim Act, Idaho Code § 45-601 *et. seq*.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

17.    As a direct result of Hall's failure to pay Mr. Cooper his earned, due, and owing wages, Mr. Cooper is entitled to recover damages in the amount of three times the unpaid wages as provided by the Idaho Wage Claim Act, Idaho Code § 45-615.

18.    Due to Hall's failure to pay Mr. Cooper his earned, due, and owing wages, Mr. Cooper has been required to retain the services of legal counsel and is, therefore, entitled to recover his attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code § 45-615.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment, Order and Decree of this Court as follows:

1.    For an award of money damages against Defendant representing a full and fair amount of compensation for all special, general and consequential losses suffered by Plaintiff in an amount to be determined at trial, in an amount exceeding $75,000.00;

2.    For Plaintiff's reasonable attorney fees and costs of suit, and in the amount of $5,000.00 should a default judgment be obtained;

3.    For prejudgment interest of the loss suffered by Plaintiff as provided in Idaho Code § 28-22-104; and

4.    For such other and further relief as the Court deems just and proper.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

## DEMAND FOR JURY TRIAL

Mr. Cooper hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38 and the Constitution of the United States of America"

DATED this 18th day of June 2026.

LAW OFFICES OF MATTHEW G. GUNN

/s/ Matthew G. Gunn
Matthew G. Gunn
Attorney for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**